Harold J. Hughes, J.
This is an action for a divorce on the ground that the parties have lived separate and apart pursuant to a written agreement for a period of more than one year (Domestic Relations Law, § 170, subd. [6]).
The parties executed a separation agreement, which was duly subscribed and acknowledged on January 29, 1971 and filed in the office of the Clerk of Albany County, where plaintiff resides, on February 17, 1971. This action was commenced on June 2, 1972. Defendant appéared, but did not serve an answer to the complaint. Plaintiff testified that he and the defendant have lived separate and apart pursuant to the separation agreement since January 29, 1971, and that he has substantially performed all the terms and conditions of that agreement.
The issue presented is whether subdivision (6) of section 170 of the Domestic Relations Law, as last amended by section 1 of chapter 801 of the Laws of 1971, is applicable to actions commenced, and separation agreements entered into, prior to September 1, 1971.
The question of prospective versus retroactive application of section 170 has vexed the courts since it was amended in 1966 to add the so-called “ no-fault ” grounds of divorce: living apart for two years pursuant to a decree of separation (subd. [5]) or a written agreement of separation (subd. [6]). The act contained a provision that it would be effective on September 1, 1967, but that the two-year period specified in subdivisions (5) and (6) should not be computed to include any period prior to September 1,1966 (L. 1966, 6h. 254, § 15).
*899 In 1968 subdivision (6) —but not subdivision (5) — was amended to limit its applicability to separation agreements executed after August 1, 1966 (L. 1968, ch. 700, § 2). The following year, that date was changed again, to April 27,1966 (L. 1969, ch. 964, § 1).
In Gleason v. Gleason (26 N Y 2d 28) the Court of Appeals stated that, under subdivisions (5) and (6) as originally enacted, all that had to be proved was that there was some kind of formal document of separation, that the plaintiff had complied with its terms, and that the parties had lived apart pursuant to the decree or agreement for two years .after September 1, 1966 (Gleason v. Gleason, supra, p. 37). The concluding section of the 1966 act, which declared that the two-year period of living apart could commence a year before the statute’s effective date, was found to be an unmistakable demonstration that these subdivisions were not to be given wholly prospective Application. The 1968 and 1969 amendments, amending subdivision (6) alone to limit its applicability to separation agreements executed after a given date, were found to further demonstrate a legislative intent that subdivision (5) be given a retroactive application, to permit divorce on the strength of a separation decree rendered before the new statute was enacted.
In 1970 the Legislature amended subdivision (6) twice; both bills were approved by the Governor on the same day (L. 1970, ch. 835, § 2 and ch. 867, § 1). Chapter 835 reduced the separation period from two years to one, -while retaining the bar to retroactive application embodied in the requirement that agreements be executed after April 27,1966. Section 4 of that act provided that it should become effective on September 1, 1972 and apply to actions undertaken after that date, but that the one-year separation period could not be computed to include any time prior to September 1,1971. Chapter 867, however, continued the two-year waiting period, while eliminating the requirement that agreements be executed after April 27, 1966. This act was to take effect immediately.
Whether or not the enactment of these two chapters was inadvertent, they apparently created separate classes of separation agreements as of September 1, 1972: those executed after April 1, 1966 would ripen into a ground for divorce after a one-year period of separation, while those executed before that date would require a two-year waiting period.
In 1971, the Legislature amended subdivision (6.) once again (L. 1971, ch. 801, § 2). This enactment retained the format of two subdivisions numbered (6), but eliminated the distinc *900 tion based on the date of execution of the separation agreement. Section 1, to take effect September 1, 1972, provided for a one-year .separation period. Section 2, effective immediately upon approval by the Governor (on June 25, 1971), provided for a two-year separation period.
The Legislature’s intent is clear. Section 2 of chapter 801 was to be applicable only until September 1, 1972, after which it was superseded by section 1. Under subdivision (6), as of September 1, 1972, all that has to be provecf is that a written agreement of separation had been executed and acknowledged or proved in the form required to entitle a deed to be recorded, that such agreement (or a memorandum thereof) was filed in the office of the clerk of the county in which either party resides, that the parties have lived, separate and apart pursuant to such agreement for one or more years, and that the plaintiff has substantially performed all of the terms and conditions of the agreement. By eliminating the requirement that the agreement be executed after April 27,1966, the Legislature has now manifested its intent that the enactment be given retroactive application to permit divorce on the strength of a separation agreement executed before its effective date of September 1, 1972. And, the omission of the provision contained in chapter 835 (L. 1970, ch. 835, § 4) that the one-year period apply to actions or proceedings undertaken after September 1, 1972, is an unmistakable demonstration that section 1 of chapter 801 of the Laws of 1971 should be applied in all actions or proceedings, either pending or commenced, as of its effective date.
Since plaintiff has satisfied all of the requirements of subdivision (6) as it now reads, he is entitled to the relief prayed for in the complaint. The findings of fact and judgment submitted by the plaintiff have been .signed and are returned herewith for entry.